AO 440 (Rev. 10193) Summons In a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANNETTE KARLIN

SUMMONS IN A CIVIL CASE

V.

P.O. JOHN MURTAGH, Shield No. 25562, DEPUTY INSPECTOR PAUL McCORMACK, and THE CITY OF NEW YORK

Case Number 05 CV 7789

JUDGE RAKOFF

TO: (Name and address of defendant)

Murtagh & McCormack - One Police Plaza, New York, N.Y. 10038

City - c/o Corporation Counsel, 100 Church Street, N.Y., N.Y. 10007 YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFFS ATTORNEY (name and address)

ALAN D. LEVINE, ESQ.
80-02 Kew Gardens Road,
Suite 1010 Kew Gardens, New York 11415

an answer to the complaint which is herewith served upon you, within _____20_____ days after serv within a reasonable period of time after service.

J. MICHAEL                    McMAHON

~~CLERK~~

SEP 0 6 2005

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNETTE KARLIN,

                           Plaintiff,

   -  against -

P.O. JOHN MURTAGH, Shield No. 25562,
DEPUTY INSPECTOR PAUL McCORMACK,
and THE CITY OF NEW YORK,

                         Defendants.
----------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, ANNETTE KARLIN, by her attorney, ALAN D. LEVINE, ESQ., as and for her complaint herein, hereby alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the first, fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for false arrest and malicious prosecution.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

**JURY TRIAL DEMAND**

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

**PARTIES**

7. At all times relevant hereto, plaintiff, ANNETTE KARLIN, was and is a natural person, resident in the County, City and State of New York.

8. At all times relevant hereto, defendant P.O. JOHN MURTAGH, Shield No. 25562 (hereinafter "MURTAGH") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant DEPUTY INSPECTOR PAUL McCORMACK (hereinafter "McCORMACK") was and is a natural person, employed as a deputy inspector by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendant CITY OF NEW YORK.

12. On or about November 24, 2004, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim, setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has refused to make payment of said claim.

14. On or about July 21, 2005, plaintiff served upon the Comptroller of the City of New York an amended verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

15. More than thirty (30) days have elapsed since the aforementioned amended verified notice of claim was served and the Comptroller has refused to make payment of said claim.

16. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
(42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about August 26, 2004, at approximately 6:55 P.M., plaintiff was lawfully present on the east side of Union Square Park, near East 17th Street, in the County, City and State of New York.

19. At the aforesaid time and place, plaintiff was participating in a political demonstration.

20. Plaintiff was exercising the right to freedom of speech guaranteed to her by the first amendment to the Constitution of the United States by holding

one side of a banner that was being displayed as part of the aforementioned political demonstration.

21. At the aforesaid time and place, police officers assigned to the 13th Precinct arrested several persons who were participating in the demonstration, including plaintiff.

22. Plaintiff was, falsely, maliciously, and without any probable cause whatsoever accused by defendant MURTAGH of jumping on the back of defendant McCORMACK, allegedly in order to prevent defendant McCORMACK from effecting the arrest of another demonstrator.

23. Plaintiff was transported to the stationhouse of the 13th Precinct and then to Manhattan Central Booking.

24. Plaintiff was charged with obstructing governmental administration in the second degree, a Class A misdemeanor.

25. On August 27, 2004, plaintiff appeared before a judge of the Criminal Court of the City of New York who released plaintiff in her own recognizance.

26. Plaintiff was kept in custody for approximately eighteen (18) hours.

27. After approximately ten court appearances, the charge against plaintiff was tried before a jury in Criminal Court of the City of New York, County of New York on May 16 and May 17, 2005.

28. The jury found plaintiff not guilty.

29. Defendants MURTAGH and McCORMACK violated plaintiff's rights to the freedom of speech and due process of law guaranteed to her by the first,

fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, interfered with her right to express a political opinion; falsely, maliciously and intentionally arrested her for the crime of obstructing governmental administration in the second degree; caused her to be held in custody and maliciously prosecuted her.

30. Because of the aforesaid acts committed by the individual defendants, plaintiff suffered a deprivation of the rights to freedom of speech and due process of law guaranteed to her by the first, fourth and fourteenth amendments to the Constitution of the United States and, as a result, lost her liberty, suffered the recurrence and exacerbation of a long-dormant physical ailment, lost time from her schooling and incurred medical and legal expenses.

31. By reason of the unconstitutional and illegal acts taken against plaintiff by defendants MURTAGH and McCORMACK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS MURTAGH, McCORMACK and THE CITY OF NEW YORK
(False Arrest)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" hereinabove as if more fully set forth at length herein.

33. On or about August 26, 2004, at approximately 7:00 P.M., in Union Square Park, near the intersection of Union Square East and East 17th Street, in the County, City and State of New York, defendant MURTAGH, acting pursuant to the direction of defendant McCORMACK, forcibly, wrongfully and unlawfully arrested plaintiff, and, against plaintiff's own free will, caused her to be incarcerated for approximately eighteen hours.

34. Defendant MURTAGH, acting pursuant to the directions of defendant McCORMACK, falsely, wrongfully, maliciously, unlawfully and illegally accused plaintiff of having committed the crime of obstructing governmental administration in the second degree, a misdemeanor.

35. Plaintiff was illegally, forcibly, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of the 13th Precinct and at Manhattan Central Booking for approximately eighteen hours.

36. At the time they committed the aforesaid act of false arrest, defendants MURTAGH and McCORMACK were acting within the scope of their employment by defendant CITY OF NEW YORK.

37. By reason of the false arrest committed against her by defendants MURTAGH and McCORMACK, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the rights to freedom of speech and due process of law guaranteed to her by the first, fourth and fourteenth amendments to the Constitution of the United States and, as a result, lost her liberty, suffered

the recurrence and exacerbation of a long-dormant physical ailment, lost time from her schooling and incurred medical and legal expenses.

38. As a result of the aforesaid act of false arrest committed against her by defendants MURTAGH and McCORMACK, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS MURTAGH, McCORMACK and THE CITY OF NEW YORK
(Malicious Prosecution)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" hereinabove as if more fully set forth at length herein.

40. On or about August 26, 2004, at approximately 7:00 P.M., defendant MURTAGH, acting pursuant to the direction of defendant McCORMACK, maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously arresting her and charging her with the crime of obstructing governmental administration in the second degree, a Class A misdemeanor.

41. Defendants MURTAGH and McCORMACK were without probable cause to arrest plaintiff for the offense they charged her with.

42. On or about May 17, 2005, following a jury trial in Criminal Court of the City of New York, County of New York, a jury found plaintiff not guilty of the charge against her.

43. At the time that defendants MURTAGH and McCORMACK falsely and maliciously caused the aforesaid prosecution to be commenced against plaintiff, they we acting within the scope of their employment by defendant CITY OF NEW YORK.

44. By reason of the prosecution maliciously commenced against plaintiff by defendants MURTAGH and McCORMACK, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the rights to freedom of speech and due process of law guaranteed to her by the first, fourth and fourteenth amendments to the Constitution of the United States and, as a result, lost her liberty, suffered the recurrence and exacerbation of a long-dormant physical ailment, lost time from her schooling and incurred medical and legal expenses.

45. As a result of the aforesaid prosecution maliciously commenced against plaintiff by defendants MURTAGH and McCORMACK, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

WHEREFORE, plaintiff, ANNETTE KARLIN, demands judgment against defendants, P.O. JOHN MURTAGH, Shield No. 25562, DEPUTY INSPECTOR PAUL McCORMACK and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants MURTAGH and McCORMACK;

SECOND CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants MURTAGH and McCORMACK;

THIRD CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants MURTAGH and McCORMACK.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated:  Kew Gardens, New York
       September 1, 2005

                                        _____
                                        ALAN D. LEVINE (AL 3634)
                                        Attorney for Plaintiff
                                        80-02 Kew Gardens Road, Suite 1010
                                        Kew Gardens, New York 11415
                                        718-793-6363
                                        File No. 2009